**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4220**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

  v.

ILDEFONSO MADRID FLORES, a/k/a Alfonso,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge. (3:11-cr-00353-MOC-DCK-1)

Argued:  March 19, 2014                          Decided:  April 7, 2014

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Andrew Brady Banzhoff, DEVEREUX & BANZHOFF, Asheville, North Carolina, for Appellant.  April Anita Christine, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Deputy Assistant Attorney General, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Anne M. Tompkins, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Ildefonso Madrid Flores was convicted of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Flores contends that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding important information about the prosecution's key witness. Flores appeals the district court's denial of his motion for a mistrial and his motion for a new trial on this ground. Finding no error, we affirm.

I.

During Flores's trial for his drug offense, the government planned to call David Kennedy, one of Flores's co-conspirators, as a key witness. Kennedy had been attending court-mandated counseling sessions at New Beginnings Counseling Center. At the request of Flores's attorney, the court issued a subpoena to New Beginnings requiring it to turn Kennedy's mental health records over to the court.

On May 7, 2012, the eve of Flores's trial, a representative from New Beginnings came to the courthouse to deliver Kennedy's subpoenaed files. Rather than turning the files over to the Clerk of Court, however, the representative mistakenly handed them to an Assistant U.S. Attorney ("AUSA") who had no involvement in Flores's case. That AUSA--who knew nothing about

2

the subpoena's instruction to turn the file over to the court--informed the prosecutor in Flores's case that documents relating to the case had been delivered. The prosecutor working on Flores's case, however, did not actually see the file that New Beginnings had delivered until the morning after the trial.

At the pretrial conference on the morning of May 8, 2012, Flores's attorney asked the court to conduct an in camera review of the records subpoenaed from New Beginnings. The judge informed Flores's attorney that the court had not received the records. At this time, the prosecutor noted that New Beginnings had delivered a package to another AUSA the night before, but that he had not seen the package. This is when the parties and the court first learned of the improper delivery of Kennedy's New Beginnings records. The prosecutor tried to remedy the situation by offering the court and Flores's lawyer what he was physically carrying at the time--a copy of Kennedy's New Beginnings file that he had obtained from Kennedy's lawyer. Unbeknownst to the prosecutor, Flores's attorney, or the judge, these records were incomplete and not identical to those that New Beginnings had improperly delivered the previous afternoon.

The trial began immediately after this conference. On the trial's second day, Kennedy took the stand to testify. During his cross-examination, Flores's attorney impeached him at length

3

with his extensive history of heavy drug use.[1]  Kennedy also testified that he was undergoing drug counseling and treatment for anxiety and depression.  Because the New Beginnings records used by both parties were incomplete, however, Flores's attorney was unaware of additional information that could have affected Kennedy's credibility, including the full extent of his drug use, his auditory hallucinations, and that he had been hospitalized for his drug use and mental illness.

The trial concluded on its second day, May 9, 2012, and the jury began its deliberations.  On May 10, 2012, as the jury continued its deliberations, the judge held the post-trial conference.  At this time, the prosecutor informed the court and Flores's attorney that the New Beginnings file he had offered at the pretrial conference was incomplete.  He then turned over Kennedy's complete file, which New Beginnings had misdelivered.  The judge and Flores's attorney reviewed it.

Later in the post-trial conference, the parties submitted several motions in response to the revelation that the trial had proceeded without Kennedy's full mental health records.  After

---

[1] For example, during his cross-examination, Kennedy called himself a "[v]ery heavy" drug user and admitted that he had been fired from his previous job for drug use. J.A. 282. Kennedy went on to say that he used cocaine "[a]ll day" on a daily basis during the time that he interacted with Flores. J.A. 283–84. Kennedy also admitted that his drug use "[c]ertainly" resulted in memory loss. J.A. 291.

4

reviewing the contents of the New Beginnings records, Flores's attorney orally moved for a mistrial with prejudice and requested a hearing to reveal possible governmental misconduct. Flores's attorney, in the alternative, moved for a new trial on the ground of newly discovered evidence under Fed. R. Crim. P. 33(b)(1).  The government orally moved for a mistrial without prejudice, which Flores's attorney opposed.

The district court ultimately rejected each motion and allowed the jury to reach a verdict, as "this evidence came in . . . after the jury was out."  J.A. 528.  The district court also rejected any notion that the government's nondisclosure was anything other than inadvertent.  It noted that the mistake was "not the government's fault" because "[t]he person that screwed up is the person that didn't follow [the subpoena's directions] over there at the New Beginnings."  J.A. 506, 508.

The jury returned a guilty verdict.  Flores's attorney filed a written motion for a mistrial and a new trial, again requesting a hearing to determine if the prosecutor intentionally withheld information from the defense.  After full briefing by both sides, the district court rejected Flores's motions.  Flores appeals.

5

II.

We review each of the district court's denials for abuse of discretion. United States v. Chong Lam, 677 F.3d 190, 203 (4th Cir. 2012); United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008).[2]

Brady requires that the government disclose material evidence favorable to the defendant in a criminal proceeding. United States v. McLean, 715 F.3d 129, 142 (4th Cir. 2013) (citing Brady, 373 U.S. at 87). A Brady violation occurs when evidence favorable to the accused has been suppressed by the state, and the defendant is prejudiced. Strickler v. Greene, 527 U.S. 263, 281–82 (1999). A Brady violation can occur "irrespective of the good faith or bad faith of the prosecution." Giglio v. United States, 405 U.S. 150, 153 (1972). However, "a defendant is not entitled to the benefit of the Brady doctrine" when the exculpatory information "is not only available to the defendant but also lies in a source where a reasonable defendant would have looked." United States v. Jeffers, 570 F.3d 557, 573 (4th Cir. 2009) (quoting United

---

[2] Flores also appeals his sentence, claiming that he has a constitutional right for a jury to determine drug weights used in sentencing. Flores acknowledges that his position is not the law in this circuit. We recognize that he seeks to preserve this issue for a possible future challenge.

6

States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990)). That is indisputably the case here.

Flores cannot benefit from Brady because Kennedy's mental health records fall squarely within the exception set forth above. Flores's attorney had equal access to the information sought: the very subpoena obtained by Flores's attorney ensured that Kennedy's complete New Beginnings records were available to Flores. Therefore, we cannot say that the district court abused its discretion in denying Flores's motions for a mistrial and for a new trial.

## III.

For the foregoing reasons, the district court's order is

AFFIRMED.